IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| CARLOS E. HERNANDEZ and | ) | CASE NO. 04-81545-G3-13 |
| JENNIFER L. HERNANDEZ, | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |
| IN RE | ) | |
| | ) | |
| ROBERT JESSMER, JR. and | ) | CASE NO. 05-80054-G3-13 |
| STACY L. JESSMER, | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |

MEMORANDUM OPINION

The court has held a hearing on its orders to show cause (Docket No. 50, Case No. 04-81545-G3-13; Docket No. 37, Case No. 05-80054-G3-13), directed to Debtors' counsel, Frank Waltermire, to show cause why he should not disgorge all or part of any attorney fee he has received in connection with the above captioned cases, in light of his failure to appear at hearings held September 15, 2006, on motions for relief from stay.  The following are the Findings of Fact and Conclusions of Law of the court.  Separate conforming Judgments will be entered in each of the two cases.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Carlos E. Hernandez and Jennifer L. Hernandez filed a voluntary petition under Chapter 13 of the Bankruptcy Code on August 17, 2004.  A Chapter 13 plan was confirmed by order entered on September 13, 2005.  (Docket No. 32, Case No. 04-81545-G3-13).

On August 20, 2004, Frank Waltermire filed a "Bankruptcy Rule 2016(b) Disclosure and Application for Approval of Fixed Fee Agreement" in the Hernandez case.  (Docket No. 4, Case No. 04-81545-G3-13).  The application was approved by order entered August 23, 2004.  (Docket No. 6, Case No. 04-81545-G3-13).

The "Bankruptcy Rule 2016(b) Disclosure and Application for Approval of Fixed Fee Agreement" filed in the Hernandez case provides in pertinent part:

> 3.   The fixed fee agreement does not include the following services:
>
> * * *
>
> D.   Except as set forth in paragraph 5 below, representation on matters for which the first hearing is set more than 120 days following confirmation.
>
> * * *
>
> 5.   The following services will also be provided, if needed, on a fixed fee basis.  Payment may be made directly by the Debtor or through the confirmed plan:
>
> A.   Motions for relief from the stay for which the first hearing date is more than 120 days following confirmation and which are resolved by agreement.  The

fixed fee is in the amount of $250.00.
(Docket No. 4, Case No. 04-81545-G3-13).

On August 21, 2006, ABN AMRO Mortgage Group, Inc. filed a motion for relief from stay in the Hernandez case. (Docket No. 44, Case No. 04-81545-G3-13). The motion was set for a preliminary hearing on September 15, 2006.

Robert Jessmer, Jr. and Stacy L. Jessmer filed a voluntary petition under Chapter 13 of the Bankruptcy Code on January 3, 2005. A Chapter 13 plan was confirmed by order entered on December 23, 2005. (Docket No. 32. Case No. 05-80054-G3-13).

On January 11, 2005, Waltermire filed a "Disclosure of Compensation of Attorney for Debtor(s)" (Docket No. 4. Case No. 05-80054-G3-13).

"Disclosure of Compensation of Attorney for Debtor(s)" filed in the Jessmer case provides in pertinent part:

> 6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
>
> a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
>
> b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
>
> c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

3

>    d. [Other provisions as needed] Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.
>
>    7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
>
>    Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.

(Docket No. 4. Case No. 05-80054-G3-13).

On August 18, 2006, Homecomings Financial Network filed a motion for relief from stay in the Jessmer case. (Docket No. 34, Case No. 05-80054-G3-13). The motion was set for a preliminary hearing on September 15, 2006.

On September 15, 2006, the date set for the preliminary hearings on the motions for relief from stay filed in both cases, Waltermire did not appear on behalf of Debtors.

Waltermire testified that, in the Hernandez case, he contacted Mrs. Hernandez when the motion for relief from stay was filed. He testified that Mrs. Hernandez requested that she be permitted to handle the motion for relief from stay on her own, and that if she was unable to handle the matter, she would retain Waltermire, and pay him $250, as provided in the fixed fee agreement. He testified that Mrs. Hernandez was unable to resolve the matter, and paid $250 to Waltermire. He testified that he negotiated an agreement with ABN AMRO.

Waltermire testified that, in the Jessmer case, he contacted Mr. Jessmer when the motion for relief from stay was filed. Waltermire testified that Mr. Jessmer "didn't feel that he should have to pay the $650 to the mortgage company's attorney, that he shouldn't have to hire me or retain me." Waltermire testified that he directed Mr. Jessmer to gather all the documents together and provide them to opposing counsel. Waltermire testified that he contacted opposing counsel to assert Debtors' position. He testified that, thereafter, Mr. Jessmer contacted opposing counsel directly, met with the opposing attorney, and could not resolve the matter. Waltermire testified that Mr. Jessmer then called him, and that he took over the representation and negotiated an agreement with Homecomings Financial Network.

## Conclusions of Law

The Standing Order on Court Appearances entered March 15, 1991 provides:

> Effective immediately, all attorneys-in-charge representing a debtor in a bankruptcy proceeding shall attend all court proceedings involving the interest of the debtor or send a fully informed attorney with authority to bind the client, unless excused by the court. Non-payment of fees is not a basis for non-attendance.
>
> All other attorneys of record (representing creditors or other interested parties) shall attend all hearings involving the client's interest and for which the client, or a representative of the client, has requested a hearing or filed a responsive pleading, unless excused by the court.

5

>Failure to appear at a noticed hearing may result in an adverse decision, in addition to any sanction which may be imposed.

Order No. 91-11.

In General Order 2004-5, signed April 14, 2004, the court, en banc, adopted procedures for the allowance of fixed fees.  The procedure for allowance of fixed fees adopted in General Order 2004-5 provides in part for the filing of the fee agreement between Debtors and their counsel, and disclosure under Bankruptcy Rule 2016(b), on a standard form, in order to allow the court to determine in advance that the fee sought is reasonable.[1]  The Fifth Circuit Court of Appeals has approved the General Order, as a manner "to clarify and streamline bankruptcy courts' review of Chapter 13 attorneys' fee applications," by "obviating the need for bankruptcy courts to make the same findings of fact regarding reasonable attorney time expenditures and rates in typical cases for each fee application that they review."  In re Cahill, 428 F.3d 536 (5th Cir. 2005).

District Court Local Rule 83.2, as made applicable to bankruptcy cases by Bankruptcy Local Rule 1001(b), provides that withdrawal of counsel may be effected by motion and order.

---

[1] By order entered October 3, 2006, in Case No. 06-305, the court, en banc, modified the standard form to require, inter alia, that attorneys seeking approval of fees on a fixed fee basis provide and certify certain minimum levels of service to their clients.

In the instant cases, Waltermire has not moved to withdraw. The purposes of rules governing the relationship between Debtors and their counsel include not only ensuring that the Debtors know whether they have the assistance of counsel, but also ensuring that opposing litigants and counsel know with whom they may negotiate, and ensuring that the court knows whether the Debtors are represented. When counsel appears as counsel of record, counsel must be prepared to complete the representation, and, if representation is to be terminated, move to withdraw. The court and other litigants should not be left to guess whether a debtor is represented by counsel with respect to each contested matter, or to attempt to make such a determination from the form of disclosure of compensation filed by counsel at the inception of the case.

In the Henderson case, a person reviewing the "Bankruptcy Rule 2016(b) Disclosure and Application for Approval of Fixed Fee Agreement" filed by Waltermire would likely conclude that Waltermire had agreed to represent the Debtors in connection with a motion for relief from stay. In fact, after Waltermire failed to appear at the September 15, 2006 hearing, he negotiated resolution of the motion for relief from stay, and collected the $250 fee he would have collected if he had undertaken such representation from the inception of the matter. The court concludes that Waltermire should be required to disgorge the $250

he received from Mr. and Mrs. Hernandez with respect to the motion for relief from stay filed by ABN AMRO Mortgage Group, Inc.

In the Jessmer case, although the disclosure of compensation reflected that the compensation disclosed did not include representation in connection with motions for relief from stay filed more than 120 days after confirmation, if Waltermire did not intend to provide further services to the Jessmers, he should have moved to withdraw.  No evidence was adduced that Waltermire received any compensation for, at the last moment, undertaking negotiation and resolution of the motion for relief from stay filed by Homecomings Financial Network.  The court concludes that Waltermire should not receive a fee with respect to the motion for relief from stay filed by Homecomings Financial Network.  To the extent he has received such a fee, he must disgorge the fee to the Jessmers.

Based on the foregoing, separate conforming Judgments will be entered in each of the two cases.

Signed at Houston, Texas on November 2, 2006.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE